The court calls the case of people in the state of Illinois v. Christa Donoho, No. 514-0501. Let me say at the outset that there is a motion to cite additional authority for Petitioner Pellant that has been filed and presented to the court. We have granted the motion, but we are allowing the appellee 14 days to provide any other authority that they deem they would like the court to see. And then the appellant has another 7 days if there is anything else. Thank you. You may proceed. May it please the court, counsel, I'm Amanda Kimmel with the Office of State Appellate Defender here on behalf of Christa Donoho. Christa established both cause and prejudice in her motion for leave to file a successive post-conviction petition. This is not a case about expanding access to counsel. This is a case about removing a procedural bar to a successive post-conviction petition and allowing a substantial claim to go forward under very narrow circumstances. Under the U.S. Supreme Court cases of Martinez v. Ryan and Trevino v. Thayer, cause can be established because Christa could not have brought her claims of ineffective assistance of counsel on direct appeal and she did not have an attorney during her first post-conviction proceeding. These cases are both decided on equitable grounds because prisoners are limited by their lack of legal education and by their confinement. Here, as soon as Christa was informed of her substantial claims by her appellate attorney during her first post-conviction petition, she withdrew that appeal and then filed this successive petition. Her substantial claims, which established prejudice, came from improper advice given to her by her trial attorney based on a possible plea deal as well as her right to testify. Turning to my first point, Christa has established cause. The cause and prejudice test is itself an exception to fundamental fairness grounds and an adoption of federal habeas law. It allows claims made in a successive post-conviction petition to proceed. Martinez v. Trevino simply create a narrow exception that establishes cause a different way. When there's a state framework such as Illinois that doesn't provide an attorney in an initial collateral review and there's claims of ineffectiveness that, for whatever reason, must be brought on collateral proceeding, that establishes cause and that is exactly Christa's case. She clearly falls under the exception created in Martinez v. Trevino and this court should adopt those cases and allow her successive petition to proceed. The cases in Illinois that have decided looking at this U.S. Supreme Court precedent and decided the other way are wrongly decided. Illinois' collateral framework fits clearly under Trevino because it's highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffectiveness on direct appeal. And that's what Christa's claims of ineffective assistance could not have been brought on direct appeal because they're regarding matters that are outside of the appellate record, namely conversations she had between her and her trial attorney in the advice that her trial attorney gave to her. Moreover, People v. Beach, a recent Illinois Supreme Court case, discussed that some claims of ineffective assistance of counsel are better suited to collateral proceedings. And then the U.S. Supreme Court case of Martinez v. Trevino says that in instances such as these where the state's collateral proceedings framework is the first time an ineffective assistance claim can be raised and there is no trial attorney, excuse me, no attorney during the post-conviction petition, the initial phase, then cause essentially is proven by that. And that's what we have for Christa. I'd like to also note that Martinez is not at odds with People v. Evans, an Illinois Supreme Court case that found that cause was not established because of a defendant's ignorance of the terms of mandatory supervised release. First off, Evans came out before the U.S. Supreme Court issued its decision in Trevino. So we do not fall squarely under the framework of Martinez, but Illinois does fall squarely under the framework of Trevino. So that case wasn't law yet when Evans came out. Moreover, Evans is not raising claims based on ineffective assistance of trial counsel. That claim is raised based on the trial court's failure to inform him of mandatory supervised release. So there is a difference in the claims that each of those defendants raised. Now, Christa is a high school dropout. She passed her GED test and she brings highly sophisticated legal claims. And so those equitable grounds that were discussed and are the basis of both Martinez and Trevino about prisoners' lack of legal education or lack of ability to contact outside counsel are present here. As soon as she was informed of those substantial claims by her appellate attorney on her first post-conviction petition, she withdrew that appeal and she raised these issues. And therefore, her claims should not be procedurally barred because she was an unsophisticated defendant. Now, turning to my second point, Christa can show prejudice where she alleged claims of ineffective assistance on matters that were outside of the record and could not be raised on direct appeal. And that relates to improper advice for a plea deal as well as not properly informing her of her right to testify. She can show prejudice related to the plea deal because she can show that she would have accepted the plea deal if properly advised and that the court was likely to accept this plea deal. The sentence that she ended up receiving at trial was 15 years longer than if she had accepted the plea deal. And the math is clear. She was offered a deal for home invasion, the maximum sentence for home invasion of 30 years, and she was not informed of the day-for-day credit. So her hard time for that plea deal would have been 15 years. By going to trial, she faced a minimum sentence of 20 years for murder as well as a 15-year firearm enhancement. And she ended up receiving a 45-year sentence. The trial court would have accepted this deal because it was the maximum sentence for the home invasion case. And under People v. Curry, her counsel had a duty to inform her of her sentencing exposure and failed to do so here, failed to properly give her advice. Therefore, she can show prejudice on backgrounds of ineffective assistance. She can also show prejudice on her allegation that she was not properly advised relating to her right to testify regarding her impeachment. Krista did have four misdemeanor convictions, two for domestic battery, two for obstructing a peace officer. There's no indication in the record that those obstruction charges were based on dishonesty or false statement. And second district in People v. Slodig have found that those types of cases, unless they involve dishonesty or false statement, are not subject to impeachment. So she, as far as we know, could not have been impeached on either of her prior convictions. So counsel's improper advice relating to her right to testify and her impeachment exposure also prejudiced her. Unless there are any questions, we ask that this court allow Krista's successive petition to proceed at the trial court. Thank you. Your Honors, counsel, good morning. Kelly Stacey appearing on behalf of the people. May it please the court. This is a review of a denial of a motion for Lee to file a successive post-conviction petition. So this subjects defendant's claim to the cause and prejudice test. Causes met when the defendant demonstrates objective circumstance or circumstances external to the defense that impeded her ability to bring that claim in the initial post-conviction proceeding. To meet the prejudice test, which is the second prong of this test, a defendant must show that the claimed constitutional error so affected the trial that the resulting conviction violated due process. And the cases interpreting the cause and prejudice test describe this as an immense procedural default hurdle when bringing a successive post-conviction petition. Now in this case, the defendant alleges she established cause because she did not have an attorney at her initial post-conviction proceeding. So that would have been a first stage post-conviction proceeding. The problem with that argument is no one gets an attorney at first stage. It's only when a petition reaches second stage that they're entitled to an attorney. So if this court adopts that test, what happens is a defendant is encouraged to sandbag claims, only raise a minimal claim on their initial post-conviction petition, as it goes up on appellate review, withdraw that petition after you've had a chance to talk to the appellate attorney, and then go back and say, well, these are my claims now, and my cause is, well, I didn't have an attorney on the first one. So the exception would swallow up the entire rule, and waiver would never apply to these claims. It is very clear the legislature intended for waiver to apply. You are not to bring these claims piecemeal. You're entitled to one post-conviction petition. She had that. The problem is the claim she raised was not of a constitutional dimension in that initial post-conviction proceeding. She alleged that the motion for change of venue should have been granted. That doesn't reach the constitutional standards, so the trial court was right in denying that or dismissing it. So, again, that exception would swallow up the entire rule, and that's really not a workable way to follow the statute in this case, and I believe it's actually against what the statute says that courts ought to do on successive post-conviction petitions. There's a cause element and a prejudice element, and there are immense hurdles. So I think what's being raised here today is not sufficient to meet that. There's definitely not cause established here. It's saying, well, I didn't have an attorney, they want me to draft my initial petition. That's not cause. Legally, that's an insufficient claim. But even if we look at the merits of this and get to prejudice, the claim fails there as well. Defendant is arguing that she was subjected to a mandatory 15-year add-on for use of a firearm in the underlying murder. Now, it's true this is an accountability case, because defendant was not the one that pulled the trigger. So does that end the inquiry here? No, it doesn't. Even though she was convicted on accountability theory, she wasn't the one that actually pulled the trigger. And it might be true that she could have been subject to a 15-year mandatory add-on, but that is only if all of those elements are presented to a jury, because under Apprendi, and it's progeny, and Apprendi's been around for quite some time, probably longer than some of the attorneys that appeared before this Court, under Apprendi, that would violate a defendant's rights. They have a right to know when they're facing a mandatory add-on. This case already went up on direct review, where it reviewed the sentence. Defendant was subject to 20 to 60 years. That was never a question during her trial. Her attorney argued to the Court, this is a 20 to 60 year sentence, regardless if you look at accountability, regardless of what theory the State is proceeding on. And here we had a robbery, and during the course of that robbery, we had a murder. At the end of the trial, where the jury found the defendant guilty of both robbery and the murder charge, the Court said the robbery charge merged into the murder charge. But in order to have that extended term sentencing, again, those elements needed to be presented to a jury and proved beyond a reasonable doubt. We don't have that here. The jury instruction in this case, gives me a moment here, says, to sustain the charge of first degree murder, the State must prove that when the defendant, or one from whose conduct she is legally responsible, performed the acts which caused the death of Randall Farrar. The defendant was committing the offense of robbery. Accordingly, you may find the defendant guilty of first degree murder, only if you also find the defendant guilty of robbery. If you find the defendant not guilty of robbery, you must find the defendant not guilty of first degree murder. There's no allegation. There's nothing here that alleges that a firearm was used. So in order to be subjected to that mandatory 15-year add-on, it's an element of the offense. We don't have that here. So she was never subjected to a 15-year add-on. Therefore, there's no prejudice in this case. And that claim just falls on its face. What about this issue, then? I'm sure you're getting ready to get to it. Well, maybe on the day-to-day argument. The day-to-day argument? I think the problem with that argument is it's first I've heard of it. I've handled the direct appeal in this case, read through the entire record, and never saw anywhere that there was ever a plea deal offered. It's true there appeared to be negotiations, but as we approach the day of the trial, when we come in, the defendant says, well, I'm ready to go to trial. I'm demanding trial. There's nothing to establish that there was ever an offer made. They're saying now it's an offer of home invasion. That, to me, sounds like a self-serving statement. And I believe in order to, they're alleging it's an ineffective assistance of counsel claim. There is a prejudice component on an ineffective assistance of counsel claim, and a speculation as to prejudice is not enough. And that's the difference between an initial post-conviction petition, where the things counsel's raising today, on the ambiguity of the record, would probably be enough to send us back for a second stage post-conviction petition. But we're not at that stage. We are at successive post-conviction petition stage. She's got to allege and demonstrate. She's got to meet a burden in this case. She's got to demonstrate there was an offer, that either the attorney failed to communicate the offer to her, or he gave her bad advice in telling her to reject that offer. We don't have anything here that establishes any terms of any offer, that an offer was even made, and the defendant is not entitled to an offer on the case. So that would be my response to the argument on the offer. Her final argument is that based on counsel's erroneous advice, she waived her right to testify in the case. We don't have any information concerning that either. And again, if we were at first stage post-conviction proceedings, that ambiguous allegation would probably be enough. But is this court required, because defense is arguing, well, you have to take all well-pled allegations, but if an alleged well-pled allegation is contradicted by the record, or if she fails to support her claim at this stage, then that doesn't meet the test for prejudice in this case. It's a high hurdle. It's meant to be a high hurdle. The legislature wanted all of these things to come out in a single proceeding, and they established a higher burden for a defendant to meet on a successive post-conviction petition. This defendant has failed to set forth anything that meets either burden, and I believe you can even decide this question just on cause. Because if her cause is, I didn't have an attorney at first stage, again, everybody can argue that. Every one of these petitions would then be subject to a successive post-conviction petition, and we would be here arguing all initial post-conviction petitions that were denied because she didn't have an attorney at first stage. Therefore, everything would reach second stage or successive stage, and that is not at all what the legislature intended. We respectfully ask you to confirm, Your Honors. Thank you. Thank you. Ruling in Krista's favor would simply not open the floodgates to allow all successive post-conviction claims to proceed. The supplemented authority, Devalia v. Davis, the U.S. Supreme Court put a limit on Martinez and Trevino. It described that ruling as a very narrow exception that allows cause to overcome a defaulted single claim, ineffective assistance of counsel, and requires that the defendant bring that claim in a state post-conviction proceeding rather than on direct appeal. So it only, Devalia v. Davis said that ineffective assistance of appellate counsel, that could not proceed under the reasoning of Trevino v. Martinez. So it would only apply to ineffective assistance of counsel claims,  It's not a surprise that counsel that handled the direct appeal would not have heard of the plea deal because that simply is not the type of claim that could have been brought on direct appeal. These conversations had occurred between counsel, trial counsel, and Krista. The other backstop inherent in Martinez v. Trevino is that it has to be a substantial claim. There has to be prejudice. And counsel seems to be conceding that possibly in a first post-conviction petition, these claims may meet the GIST standard and proceed to Stage 2. That's important here. Counsel's argument that they didn't hear the argument about a plea deal for day-to-day or indicating that Krista didn't provide enough, her claims at this stage are to be taken as true. They're to be liberally construed. This is a pro se filing. She alleges that she received an offer for home invasion for 30 years. And we would argue that that on alone, not even including the firearm enhancement, that is alone enough to establish prejudice because, again, 30 years on home invasion at 50% at day-for-day credit would be 15 years of hard time. And murder without any firearm enhancement would be 20 years of hard time. Twenty years was the minimum sentence to be served at 100%. So even not including the firearm enhancement argument, Krista still would meet the burden of showing prejudice in that claim. We would also argue that under Apprendi, the jury did find that a firearm was used. It was the only evidence presented was that Mr. Farrar was shot, and that was part of the jury's ruling, although the jury instructions do not specifically say the word firearm. The only evidence that was put on was that his murder was from being shot. Therefore, we ask that you find Krista has established cause and prejudice under these very narrow rulings of Martinez and of Trevino. Thank you. Thank you, counsel, for counsel and for your arguments. The court will take this matter under advisement.